COPY

1  STEVEN G. SKLAVER (237612)
   KALPANA SRINIVASAN (237460)
2  AMANDA BONN (270891)
   SUSMAN GODFREY L.L.P.
3  1901 Avenue of the Stars, Suite 950
   Los Angeles, CA 90067
4  Telephone: (310) 789-3100
   Fax: (310) 789-3150
5  Email: ssklaver@susmangodfrey.com
   Email: ksrinivasan@susmangodfrey.com
6  Email: abonn@susmangodfrey.com

7  Attorneys for Defendant Swiss II, LLC

8

9

10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13

14   VALENTIN VERNER, on behalf of       Case No.
     himself and all others similarly
15   situated          Plaintiff,        CV11  010386 MMM (Ex)

16
        v.                               SWISS II, LLC'S NOTICE OF
17                                        REMOVAL OF CIVIL ACTION
                                          UNDER 28 U.S.C. § 1441(a)
18   SWISS II, LLC, a Delaware Limited    BASED ON NEWLY ACQUIRED
     Liability Company; and DOES 1        FACTS
19   through 50, inclusive,
                                          [Los Angeles Superior Court Case
20            Defendants.                 No. BC-402394]

21

22

23

24

25

26

27

28

2110355v1/011116

1    Pursuant to 28 U.S.C. § 1441, Defendant Swiss II, LLC ("Swiss II") gives

2  notice that the above-titled action is hereby removed from the Superior Court of the

3  State of California for the County of Los Angeles to the United States District

4  Court for the Central District of California.

5    For this Notice of Removal Based on Newly Acquired Facts From Plaintiff's

6  Testimony and Discovery, Swiss II pleads as follows:

7    1.    There is jurisdiction over this removed action pursuant to 28 U.S.C. §§

8  1441 (a), (b) and (c) because the claims alleged by Plaintiff are preempted by § 301

9  of the Labor Management Relations Act (29 USC § 185(a)).

10    2.    The facts demonstrating that Plaintiff's claims are preempted only

11  recently have come to light.  Specifically, on November 16, 2011, Plaintiff Verner

12  appeared for his deposition in the matter and testified that – although not disclosed

13  in the complaint nor any written discovery – he was seeking in this action recovery

14  of damages for additional pay for time worked during his vacation which he

15  contends are required by the terms of his Collective Bargaining Agreement

16  ("CBA").  Likewise on November 23, 2011, Verner's counsel indicated that

17  Plaintiff was seeking double pay for any hours worked over 10, purportedly

18  pursuant to his (disputed) construction of terms in his CBA.  These claims, which

19  call for interpretation of Plaintiff Verner's CBA, are preempted under federal labor

20  law.

21    3.    On November 18, 2008, an action was commenced in the Superior

22  Court of the State of California for the County of Los Angeles, entitled *Valentin*

23  *Verner v. Swiss Dairy Corporation and Swiss II, LLC*, as Case Number BC-402394

24  (the "State Action").  A true and correct copy of the original complaint, summons,

25  and civil cover sheet is attached as hereto Exhibit 1.

26    4.    On March 20, 2009, Plaintiff filed an amended complaint (the "FAC"),

27  which dismissed Swiss Dairy Corporation as a defendant, leaving Swiss II as the

28  only named defendant.  A true and correct copy of the FAC is attached as Exhibit 2.

1

5.     Plaintiff's complaint alleges that Defendant Swiss II failed to pay wages and overtime; failed to provide rest periods and meal periods or compensation in lieu thereof; failed to comply with employees wage statements and violated the unfair competition laws.

6.     Defendant Swiss II removed that case to federal court on April 17, 2009 under the Class Action Fairness Act.   *See* Minute Order at 1, *Verner v. Swiss II*, No. CV 09-5701 PA (CTx) (C.D. Cal. Jan. 6, 2010), attached hereto as Exh. 3.

7.     The Court remanded the case on the grounds that Defendant had not established Plaintiff's citizenship.   *Id.*   Defendant subsequently conducted additional discovery – which established Plaintiff's citizenship – and removed again. *Id.*

8.     Plaintiff did not move to remand the Verner Case to state court nor did the Court reject Defendant's removal of the class action pursuant to CAFA. *Id.*

9.     On December 1, 2009, however, the Court issued an order to show ("OSC") cause why the class allegations should not be stricken from the First Amended Complaint for Plaintiff's failure to timely file a motion for class certification within 90 days of removal, pursuant to Local Rule 23-3.   *Id.*   The Court also "prompted the parties to address whether there would remain a basis for this Court's jurisdiction if the Court were to strike the class action allegations." *Id.* at 2.

10.    In his response to the OSC, Plaintiff Verner did not address the Court's inquiry regarding jurisdiction and did not offer an explanation for his failure to move for class certification or else seek an extension of the deadline within the 90 days prescribed by Local Rule 23-3. *Id.* at 2.

11.    The Court struck Plaintiff Verner's class allegations based on his failure to comply with Local Rule 23-3 and concluded that "the Court no longer has CAFA jurisdiction as a result of the class allegations having been stricken . . . ." *Id.* at 3.  Under subsequently issued case law, however, the Ninth Circuit has held that

2

1    that "continued jurisdiction under § 1332(d) 'does not depend on certification.'"
2    *United Steel, Paper & Forestry v. Shell Oil Company*, 602 F.3d 1087, 1092 (9th
3    Cir. 2010).  Specifically, the Ninth Circuit concluded that "if a defendant properly
4    removed a putative class action at the get-go, a district court's subsequent denial of
5    Rule 23 class certification does not divest the court of jurisdiction."

6        12.    After concluding that the $75,000 damage threshold had not yet been
7    satisfied for purposes of establishing federal jurisdiction based upon diversity, and
8    having struck the class allegations (before *United Steel, Paper & Forestry* was
9    issued) the Court remanded the case to Los Angeles Superior Court.

10       13.    On November 16, 2011, Defendant Swiss II deposed Mr. Verner in
11   Los Angeles concerning the individual claims that remained in the case.

12       14.    During his deposition, Mr. Verner testified for the first time that he
13   was claiming in his lawsuit damages based on Swiss II allegedly not paying him the
14   full amount of overtime to which he claims he was entitled and not being paid the
15   full amount owed for working vacation time.   Deposition of Valentin Verner at
16   7:22-8:13, attached hereto as Exh. 4.

17       15.    Mr. Verner testified that his claim of not being paid the amount due for
18   vacation was based on the terms of his CBA.  Mr. Verner testified that when he
19   worked during his vacation he "got paid straight time" but that he "would have to
20   look at the union contract for that time period, see if they were in violation of
21   paying me extra." Exh 4., *Id.* at 36: 9-13.

22       16.    When asked the amount to which he was entitled for vacation time for
23   which he should have been paid, Mr. Verner again invoked the CBA for providing
24   the bases for his claim.  "Once again, I would have to obtain the union contract for
25   that time frame, show it to my attorney, and he can judge from there." Exh 4, *Id.* at
26   36:15-24.

27       17.    Mr. Verner also claimed that he was not paid double overtime after
28   working a certain number of hours. Exh 4, *Id.* at 7:22-8:13.

3

18.     One week after his deposition, on November 23, 2011, Mr. Verner belatedly produced documents responsive to Swiss II's document request (that should have been, but were not, produced at the time of Mr. Verner's deposition the week before).  Among the documents produced by Mr. Verner was his Collective Bargaining Agreement. Exh 5.

19.     In the accompanying cover letter to Swiss II counsel, dated November 23, 2011, Mr. Verner's counsel advised that "under the union contact Plaintiff was entitled to Double Time after 10 hours of labor rather than 12." Exh  6.  Mr. Verner's counsel then referenced page 16 of the CBA agreement between Mr. Verner's union and Swiss II. *Id.*

20.     That section of the CBA agreement specifies that certain employees who "work in excess of ten hours ... in any one (1) day, or fifty (50) hours in any workweek shall be paid at two (2) times the regular hourly rate." Exh 5 at p 16.  It is defendant's position that this provision, if interpreted properly, only applies where the employer has established  a workweek of four, ten-hour days. *See* Exh 5 at p. 15.

21.     However, Mr. Verner was a route driver who had a five-day per calendar week schedule.  As such, it is defendant's position that the applicable portion of his union agreement is a different provision than what plaintiff contends. It is Appendix A, which governs the wages, hours, overtime  and workweek for route drivers. Exh 5 at p. 34.

22.     Under this section, route drivers "shall have made available to them five (5) days work per calendar week, unless by agreement with the Union." *Id.* at p. 34 (1)(a).  The same section of the agreement also states that any time worked by route drivers "in excess of nine (9) hours per day (exclusive of one-half (1/2) hour lunch period) shall be paid at the overtime rate of one and one half (1 ½) times the hourly rate." *Id.* at p. 34 (1)(d).  Similarly, the agreement provides that "any time, not in excess of nine (9) hours per day computed in accordance with No. 1 (c)

4

1    above, in excess of four (40) hours per week … shall be paid at one and one half (1

2    ½) times the hourly rate." *Id.* at p. 34 (1)(e).

3        23.    This dispute between the parties over the terms of the CBA and which

4    provisions apply and what they mean require interpretation of Plaintiff's CBA.

5    Thus, Plaintiff's newly disclosed claims for unpaid overtime are preempted under §

6    301 of the Labor Management Relations Act (29 USC § 185(a)) because, as

7    described below, the claims are "substantially dependent on an analysis of a

8    collective bargaining agreement." *Firestone v. Southern Cal. Gas Co.*, 219 F. 3d

9    1063, 1065 (9th Cir. 2000).

10       24.    Because this action was filed and is pending in the Superior Court of

11   the State of California for the County of Los Angeles, removal of this action to this

12   District Court is proper under 28 U.S.C. § 1446(a).

13       25.    This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it

14   is being filed "within thirty days after receipt by the defendant, through service or

15   otherwise, of a copy of an amended pleading, motion, order or other paper from

16   which it may first be ascertained that the case is one which is or has become

17   removable."   28 U.S.C. § 1446(b).   Plaintiff's First Amended Complaint – the

18   operative complaint in this case – does not reference any collective bargaining or

19   union agreement anywhere on its face.   Although Plaintiff Verner states a claim

20   because Swiss II allegedly "failed to properly compensate for overtime hours

21   worked," Verner did not specify the basis for this overtime claim in his Complaint.

22       26.    Because Plaintiff Verner did *not* allege that his claims arose from his

23   CBA on the face of his complaint – and thus did not indicate Plaintiff was raising a

24   claim preempted by federal labor law – the Complaint did not trigger the removal

25   period.

26       27.    However, two sets of facts that have newly come to light demonstrate

27   that Plaintiff Verner intends to assert claims based on his CBA.

28

5

28.     Specifically, Mr. Verner revealed during his deposition on November 16, 2011 that he was seeking additional payment for vacation and overtime based on what he believed he was entitled to under his interpretation of his CBA.

29.     Then, on November 23, 2011, Plaintiff's counsel further indicated that Mr. Verner was entitled to overtime based on specific provisions (disputed by defendant) that he construes in his favor in his Collective Bargaining Agreement.

30.     Mr. Verner's deposition testimony and Plaintiff's counsel's letter both constitute "other paper" within the meaning of section 1446(b).   *Carvalho v. Equifax*, 629 F.3d 876, 887 (9th Cir. 2010) (holding that removal was timely where it was filed within 30 days of deposition testimony, which first indicated the case was removable).   Thus, removal here is timely because Swiss II has filed within 30 days of Mr. Verner's deposition testimony and counsel's letter indicating that his claims were premised on his CBA under federal law.

31.     The summons, civil case cover sheet, complaint, case management statements, and Amendment to Complaint constitute all process, pleadings and orders that have been filed in this action.   A true and correct copy of the case managements statements, dockets, and minutes of the case management conference are attached as Exhibit 7.

32.     Written notice of the filing of this Notice of Removal will be promptly served upon Plaintiff.   A true and correct copy of this Notice of Removal is being filed with the Clerk of the Superior Court of California for the County of Los Angeles as soon as practicable.

## Federal Question Jurisdiction

33.     This action could have been filed in this Court under the Court's federal question jurisdiction, 28 U.S.C. § 1441(b), because Plaintiff is seeking relief pursuant to his Collective Bargaining Agreement – and his disputed construction of that Agreement – a fact that has only recently been revealed by his deposition testimony and correspondence with counsel.

6

2110355v1/011116

34.   Even when a plaintiff does not plead a federal question on the face of the complaint, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (internal citations omitted).  "Although federal preemption is ordinarily a defense, once an area of state law has been completely pre-empted, any claim purportedly based on that preempted state-law claim is considered, from its inception, a federal claim, and therefore arises under federal law."  *Id.*   Thus, where a federal law preempts plaintiff's state law claims, removal is proper, even if the complaint is "artfully pleaded" to avoid raising a federal question on its face. *Id.*

35.   Plaintiff's claims are preempted because Plaintiff Verner alleges that his claims for overtime are premised in part on his failure to receive the full value owed to him for working during his vacation based on the terms of his CBA. Plaintiff Verner also contends that he should have been paid doubletime for working more than 10 hours pursuant to the same agreement.

36.   Plaintiff Verner's CBA contains specific provisions that must be interpreted to decide this claim.  Specifically, that agreement says that the employer may establish a basic straight-time workweek of four, ten-hour days. Exh. 5 at p. 34 (1)(a).  It also provides that drivers can be paid one and a half times their hourly rates after nine hours of work. *Id.* at p. 34 (1)(d).  However, it does not indicate that drivers are eligible to receive double their rate of pay at any point. *Id.*  Labor Code § 510 describe specific overtime requirements, including double pay for hours worked in excess of 12 hours.  But that section also makes clear that the requirements do not apply to an alternative workweek schedule as adopted by the collective bargaining agreement. *Id* at (a)(2).

37.   Additionally, under California Labor Code § 514, the labor code's overtime provisions "do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides

7

1  premium wage rates for all overtime hours worked and a regular hourly rate of pay

2  for those employees of not less than 30 percent more than the state minimum

3  wage." Labor Code § 514.

4      38.    Moreover, Mr. Verner's CBA also contains specific provisions as to

5  whether an employee is entitled to premium pay or regular pay for work performed

6  during his or her vacation time.  For example, under the CBA, if an employer and

7  employee agree in writing that the employee will work during vacation, the

8  employee may be compensated only at the regular rate of pay.  *See* Exh 5 at p. 8

9  (section 6.9).

10     39.    Thus, whether the CBA governing Mr. Verner's employment entitles

11 him to additional pay for his vacation or double pay after 10 hours of work requires

12 an interpretation of the agreement.  Further, whether the overtime provisions of the

13 labor code do not apply because the collective bargaining agreement meets the

14 criteria of Labor Code § 514 requires interpretation of the terms of the agreement.

15     40.    In *Firestone*, the Ninth Circuit affirmed the dismissal of a plaintiff's

16 overtime claim as preempted under §301 of the LMRA "because resolution of the

17 essential dispute between the parties about the applicability of the California

18 exemption required interpretation of the complex pay and overtime pay provisions

19 in the collective bargaining agreement." 219 F.3d at 1064.

20     41.    Similarly here, Plaintiff's overtime claims require interpretation of the

21 applicable collective bargaining agreements and whether they preclude the relief

22 sought here.  Because these claims are preempted, they are removable and subject

23 to this Court's jurisdiction.

24     WHEREFORE, Defendant Swiss II respectfully requests that the above-titled

25 action be removed from the Superior Court of the State of California for the County

26 of Los Angeles to this District Court.

27

28

2110355v1/011116

1  Dated:  December 15, 2011

STEVEN G. SKLAVER
KALPANA SRINIVASAN
AMANDA BONN
SUSMAN GODFREY L.L.P.

By

Kalpana Srinivasan
*Attorneys for Defendant Swiss II, LLC*

# PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1901 Avenue of the Stars, Suite 950, Los Angeles, California 90067-6029.

On December 15, 2011, I served the foregoing document(s) described as follows:

**SWISS II, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(a)**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached service list, as follows:

___ BY MAIL:
I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ BY PERSONAL SERVICE:
I caused to be delivered such envelope by hand to the offices of the addressee.

_____ BY FEDERAL EXPRESS OR OVERNIGHT COURIER

_____ BY TELECOPIER
I served by facsimile as indicated on the attached service list.

__XX__ BY ELECTRONIC MAIL
I caused said documents to be prepared in portable document format (PDF) for e-mailing and served by electronic mail as indicated on the attached service list.

Executed on December 15, 2011, at Los Angeles, California

_____ (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__XX__ (Federal)  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| | |
|---|---|
| Helen Danielson | *Helen Danielson* |
| (Type or Print Name) | (Signature) |

2110355v1/011116

1

**SERVICE LIST**

2

<u>Attorneys for Plaintiff</u>                                    <u>Attorney for Defendant Swiss II, LLC</u>

3

Sean Sasan Vahdat                                Steven G. Sklaver
4   LAW OFFICES OF                               Kalpana Srinivasan
SEAN S. VAHDAT & ASSOCIATES          Amanda Bonn
5   700 Irvine Center Drive, Suite 800        Susman Godfrey L.L.P.
Irvine, California 92618                      1901 Avenue of the Stars, Suite 950
6   Telephone: (949) 788-2949                  Los Angeles, CA 90067
Fax: (949) 788-2950                          Telephone: (310) 789-3100
7   E-mail:  sean@vahdatlaw.com                Fax:  (310) 789-3150
ssklaver@susmangodfrey.com
8                                                    ksrinivasan@susmangodfrey.com
abonn@susmangodfrey.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2110355v1/011116

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

COPY

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
VALENTIN VERNER

**DEFENDANTS**
SWISS II, LLC, A Delaware Limited Liability Comapny, et al.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Law Offices of Sean S. Vahdat & Associates, 700 Irvine Center Dr., Ste. 800, Irvine, CA 92618, (949)788-2949

Attorneys (If Known)
Steven G. Sklaver, Kalpana Srinivasan, SUSMAN GODFREY L.L.P., 1901 Avenue of the Stars, Ste. 950, Los Angeles, CA 90067-6029, (310)789-3100;

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Section 1332(a)

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability
**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability
**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157
**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition
**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☒ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act
**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark
**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV-09-2698 PA (CTx) (April 17, 2009)

CV11 010386

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)

CIVIL COVER SHEET

Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☐ No ☑Yes
If yes, list case number(s):  CV-09-2698 PA (CTx) (April 17, 2009)

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑Yes
If yes, list case number(s):  CV-09-2698 PA (CTx) (April 17, 2009); CV 11-9686-DDB (FFMx) (Nov 21, 2011)

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☑ A.  Arise from the same or closely related transactions, happenings, or events; or
                 ☑ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                 ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                 ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Texas and Wisconsin |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _(signature)_ · Date December 15, 2011

Notice to Counsel/Parties:   The CV-71 (JS-44)  Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |