UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10386 PA (FFMx) | Date | February 09, 2012 |
|---|---|---|---|
| Title | Valentin Verner v. Swiss II, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Swiss II, LLC ("Defendant") on December 14, 2011. (Docket No. 1.)

**I. Background**

This action arises out of plaintiff Valentin Verner's ("Plaintiff") allegations that Defendant committed a number of violations of the California Labor Code by failing to pay overtime, provide itemized wage statements, and provide meal and rest breaks.

Plaintiffs commenced this action by filing a Class Action Complaint in Los Angeles County Superior Court on November 19, 2008.[1] This is the third time that Defendant has filed a Notice of Removal for the same complaint. Defendant, for the first time, asserts that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331. In particular, Defendant argues that Plaintiff's state law claims for unpaid overtime are preempted by § 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185. Defendant asserts that during a November 16, 2011 deposition, Plaintiff identified a collective bargaining agreement ("CBA") with Defendant as the basis for his calculation of the amount of overtime wages to which he is entitled. Defendant claims that it was not until this deposition that Defendant could ascertain that the action had become removable based on the preemptive force of § 301.

**II. Legal Standard: Removal**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28

---

[1] Plaintiff no longer prosecutes this action on behalf of a class.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10386 PA (FFMx) | Date | February 09, 2012 |
|---|---|---|---|
| Title | Valentin Verner v. Swiss II, LLC | | |

U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

**III.    Analysis**

Defendant has not asserted a satisfactory basis for this Court's jurisdiction. Defendant claims the Court has federal question jurisdiction over this case because the action arises under federal law, namely § 301 of the LMRA. Section 301 of LMRA states: "Suits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ." 29 U.S.C. § 185(a). The Supreme Court has interpreted § 301 to require claims "alleging a violation of a provision of a labor contract [to] be brought under § 301 and be resolved by reference to federal law." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211, 105 S. Ct. 1904, 1911, 85 L. Ed. 2d 206 (1985). This preemption of state claims extends "beyond suits alleging contract violations" to those requiring interpretation of the provisions of labor agreements:

> [Q]uestions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by references to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort. Any other result would elevate form over substance and allow parties to evade the requirements of § 301 by relabeling their contract claims as claims for tortious breach of contract.

Id. However, the scope of § 301 preemption is not absolute:

> [N]ot every dispute concerning employment, or tangentially involving a

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10386 PA (FFMx) | Date | February 09, 2012 |
|---|---|---|---|
| Title | Valentin Verner v. Swiss II, LLC | | |

> provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law. . . . Clearly, § 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law. In extending the pre-emptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional intent under that section to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract.

Id. at 211-12, 105 S. Ct. 1911-12, 85 L. Ed. 2d 206. "[T]o help preserve state authority in areas involving minimum labor standards, the Supreme Court has distinguished between claims that require interpretation or construction of a labor agreement and those that require a court simply to 'look at' the agreement." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1108 (9th Cir. 2000). In particular, "when the meaning of contract terms is not subject to dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." Livadas v. Bradshaw, 512 U.S. 107, 124, 114 S. Ct. 2068, 2078, 129 L. Ed. 2d 93 (1994).

Accordingly, preemption under § 301 requires a two-step analysis. Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007). First, the Court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." Id. If the right is conferred by a collective bargaining agreement, preemption applies. Id. If the right is conferred by state law, the Court must determine whether the plaintiff's claim is nevertheless "substantially dependent on analysis of a collective bargaining agreement." Id. (internal quotation marks omitted). If the claim requires the court to "interpret," rather than merely "look to," the collective bargaining agreement, then the claim is substantially dependent thereon and is preempted by § 301. Id. at 1060.

Here, Plaintiff alleges four claims in the FAC. Three of the claims cite violations of the California Labor Code, and the fourth is for violation of the California Unfair Competition Law, as codified in Business and Professions Code section 17200, et seq. The rights involved in these claims – the rights to overtime, itemized wage statements, and meal and rest breaks – are conferred by virtue of the California Labor Code. See Cal. Lab. Code §§ 201-204, 221, 226, 510, 2802. Accordingly, these claims arise under state law.

Given that Plaintiffs' claims are based on rights conferred by state law and may therefore be resolved without interpretation of the collective bargaining agreements, they do not "substantially depend" on such interpretation. Defendant's arguments to the contrary are not persuasive.

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10386 PA (FFMx) | Date | February 09, 2012 |
|---|---|---|---|
| Title | Valentin Verner v. Swiss II, LLC | | |

Plaintiff claimed in his deposition testimony that he was not paid the applicable wage for vacation time as required by the CBA, and that he is entitled to twice his hourly wage for every hour worked in excess of ten hours per day. In its Notice of Removal, Defendant claims that because the Plaintiff, while being deposed, identified the CBA as the basis for these overtime demands, the Court now has federal question jurisdiction. Specifically, Defendant claims that because it disagrees with Plaintiff regarding which section of the CBA applies to Plaintiff, the overtime claims here are "'substantially dependent on an analysis of [the] [CBA]" such that those claims are preempted by § 301. (Notice of Removal, at 5 (quoting Firestone v. S. Cal. Gas Co., 219 F.3d 1063, 1065 (9th Cir. 2000).) The CBA, however, rather clearly provides that only where the employer has established, and the employee is assigned to, a workweek of four ten-hour days (known as a "basic straight-time workweek") is the employee entitled to twice his or her hourly wage for work in excess of ten hours in a single day. (See Notice of Removal, Ex. 5 (CBA Between Swiss II, LLC and Teamsters Locals 63, 166, 186 and 630), Art. 10 (defining a "basic straight-time workweek"), Appendix "A" (defining wages for route drivers).) Thus, although Plaintiff's claims require the Court to "look to" the collective bargaining agreement to determine whether Plaintiff is on a "basic straight-time workweek" schedule, and although "overtime [will be] calculated in accordance with the terms of the CBA, this case involves no [genuine] issue concerning the *method* of calculation" or the meaning of the CBA's terms. Gregory v. SCIE, LLC, 317 F.3d 1050, 1053 (9th Cir. 2003). Plaintiff's overtime claims, then, are not preempted by § 301 of the LMRA. See id.

### Conclusion

Defendant has not met its burden to demonstrate this Court's federal question jurisdiction. Accordingly, the Court remands this action again to Los Angeles Superior Court, Case No. BC402394 for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.